IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVINIE M. BATES,

    Plaintiff,

v.                                    CASE NO. 5:16-cv-248-MP-GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 1, Plaintiff's Motion of Rule 81(b) Emergency Writ of Mandamus Under 28 U.S.C. § 1651(a). Plaintiff requests the Court to vacate his conviction, sentence, or both on constitutional grounds and to release him from custody. (ECF No. 1 at 2.) For the following reasons, the undersigned recommends that the motion be denied.

Plaintiff has not paid the filing fee or filed a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.3, "[a] party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." Additionally, Plaintiff has not filed his motion on a court-

*Page 2 of 3*

approved form for either a civil-rights case, a motion under 28 U.S.C. § 2255, or a petition for writ of habeas corpus. Nevertheless, requiring Plaintiff to amend would be futile.

Although Plaintiff seeks a writ of mandamus, "[m]andamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 369 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-260 (1947)). The Court does not find such an extraordinary cause in this case. Plaintiff has alternative avenues through which to seek relief. *See id.* at 368 ("[T]he court dismissed the mandamus petition on the ground that alternative avenues of relief remained available."). The appropriate avenue of relief based upon the grounds Plaintiff alleges is to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

As Plaintiff is well aware he has filed a motion to vacate under 28 U.S.C. § 2255, which is currently pending before this Court in Case No. 5:11-cr-00042-RH-GRJ. (ECF No. 370.) The grounds asserted in the pending § 2255 petition mirror the grounds Plaintiff asserts in the instant motion for writ of mandamus.  Plaintiff should not attempt to file a separate case in an effort to receive an expedited ruling on these matters. The

*Page 3 of 3*

petition already pending will be addressed in due course.

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Motion of Rule 81(b) Emergency Writ of Mandamus Under 28 U.S.C. § 1651(a), ECF No. 1, should be **DENIED** and the case closed.

**IN CHAMBERS**  this 19th day of September 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**